UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| Nathan A. Saunders II, ) <br> ) <br> General Vice-President, Washington Teachers Union ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> George Parker, ) <br> ) <br> President, Washington Teachers Union, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 1:08-CV-00715 RMC |

ANSWER OF DEFENDANT ERICH MARTEL

Erich Martel, Social Studies Teacher (Woodrow Wilson Senior High School), rank and file member of the Washington Teachers Union (WTU) from January 1970 until present, and member of the executive board of the WTU from July 24, 2007 (date of installation and taking of the oath of office) until present, and alternate member of the WTU collective bargaining negotiating team from December 18, 2007 until present, answers General Vice-President Saunders' civil complaint as follows:

I.  Introduction to Complaint

Mr. Martel has no direct, personal knowledge of any of the events mentioned in the introduction to the plaintiff's complaint during the period of his status as a rank and file member of the WTU that pre-dates his election as a high school member at large of the WTU Executive Board. Also, although appointed to the WTU negotiating team as an alternate member, Mr. Martel has attended no negotiation sessions or negotiating committee planning meetings. Also, notwithstanding his membership on the executive board of the WTU from July 24, 2007 until the date of this Answer, Mr. Martel had no knowledge of or participation in the alleged financial improprieties. However, Mr. Martel further denies any suggestion that he committed any improprieties of any kind in his capacity as a rank and file WTU member or as a member of the WTU executive board or as a named [alternate] member of the collective bargaining team.

1

RECEIVED

JUN 2 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## II. Jurisdiction and Venue

As an unrepresented *pro se* defendant, Mr. Martel does not possess the technical, legal credentials to determine if the jurisdiction of this Court has been properly invoked. However, even as a lay person, Mr. Martel has strong doubts as to whether the Plaintiff has alleged sufficient legally cognizable injuries to invoke this Court's jurisdiction under the Constitution. Mr. Martel also has strong doubts as to whether the Plaintiff's alleged injuries may be heard by this Court under LMRDA, RICO, and DC law.

## III. Parties

Mr. Martel is unable to verify the accuracy of accuracy of the titles and addresses of the named parties or the spelling of those names.

## IV. Freedom of Speech and Assembly

Mr. Martel denies that there is any illegality that may be suggested in paragraph IV of the complaint and attached to the complaint as Ex. 5, Ex. 6, and Ex 7.

The "Martel Resolution" cited on p.14 of the complaint, and attached to the complaint as Ex. 5, simply recites the wording of the WTU Constitution and By-laws that designate the President of the WTU as the public representative of the WTU "before the public, community organizations, and the news media," and requested that the executive board affirm this responsibility. Accordingly, Mr. Martel denies any illegality asserted by the plaintiff in citing or reproducing provisions or seeking executive board affirmation of the WTU Constitution and By-laws in the so-called "Martel Resolution."

Mr. Martel denies having made, having any involvement in or knowledge of the two motions (motions #2 and #3), each listed in the Draft Minutes of the WTU "Special Executive Board Meeting" of December 22, 2007 (Ex. 7) or how they came to be labeled as "Motion made by: Erich Martel" and as having "passed by unanimous consent." In addition, Mr. Martel further denies any knowledge of or participation in "chang[ing] the Board minutes [of the December 22, 2007 meeting of the WTU Executive Board] to reflect that the Martel Resolution was approved by the Executive Board – when in actuality, it was disapproved." In addition, Mr. Martel further denies any knowledge of or participation in any attempt to use the so-called "Martel Resolution" as the model for the two either or both motions.

In addition, Mr. Martel questions the factual accuracy and lack of context of many of the statements set forth in this paragraph.

## V. The Parker-Squire Speakerphone Conversation

Mr. Martel was not present during the alleged speakerphone conversation of March 24,

2008 and thus neither admits nor denies any of the factual allegations set forth in paragraph V of the complaint.

### VI. Collusion with Management

Mr. Martel believes that the allegations this paragraph should be stricken in its entirety since the paragraph only contains speculative inferences which are supported only by speculative newspaper accounts. Also, to the extent that plaintiff makes any factual allegations, Mr. Martel neither admits nor denies the validity of these allegations since he was not present during any alleged conversations or meetings cited in this paragraph.

### Count I, "Breach of Fiduciary Duty" etc.

Mr. Martel denies each and every one of the factual allegations in Count I, including but not limited to breach of fiduciary duties, "holding or acquiring any pecuniary or personal interest," conspiracy or engaging in a scheme of any kind or "neglecting and withdrawing from [his] affirmative responsibilities as [an] elected Board member."

Mr. Martel neither admits nor denies the validity of these allegations pertaining to WTU financial and accounting systems, since he was not present during any alleged conversations or meetings cited in this paragraph and has not had nor sought to have access to these records.

### Count II, "Violation of Bill Rights" etc.

Mr. Martel denies any knowledge of the meetings and the process by which a WTU media policy was created, since he was not involved in nor consulted on the development of said policy.

### Count III, "Plaintiffs Right to Review Union Financial Records" etc.

Mr. Martel neither admits nor denies the allegations in Count III since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count III.

### Count IV, "Breach of Fiduciary Duty" under LMRDA against AFT

Mr. Martel neither admits nor denies the allegations in Count IV since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count IV.

### Count V, Negligence against AFT

Mr. Martel neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count V.

### Count VI, Breach of National Constitution Against AFT

Mr. Martel neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count VI.

### Count VII, Fraud by Defendants Parker and White

Mr. Martel neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count VII.

### Count VIII, Conversion by Defendants Parker and White

Mr. Martel neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count VIII.

### Count IX, Aiding and Abetting by Defendants Parker and White et al.

Mr. Martel neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count IX.

### Count X, Civil Conspiracy by Defendants Parker and White...Carrillo et al.

Mr. Martel denies any alleged illegality In Count X. In addition, Mr. Martel asserts that the plaintiff has failed to present any factual allegations that constitute any legally cognizable claim that may be heard by this Court.

### Count XI, RICO Violations

Mr. Martel neither admits nor denies the allegations in Count XI since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count XI, including alleged embezzlement, money laundering, or engaging in "money transactions" in property derived from unlawful activities.

### Count XII, Civil RICO Conspiracy

Mr. Martel neither admits nor denies the allegations in Count XII since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count XII.

### DEFENSES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. Martel respectfully requests that he be dismissed as a defendant in this action, since none of the factual allegations pled by the plaintiff have established any legally cognizable claim against him, and because Mr. Martel was not directly involved in or even mentioned in the majority of the alleged infractions cited by the plaintiff in his complaint.

THEREFORE, Mr. Martel requests that the plaintiff receive nothing from him, and that judgment be entered in his favor, including the costs of this action as well as any other interest, fees or expenses which he is entitled to receive for responding to this civil action.

Dated:       May 31, 2008

_____
Erich Martel, pro se
5436 39th Street, NW
Washington, DC 20015
(202) 537-9733

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer by Defendant Erich Martel was mailed to the following parties by first class mail on May 31, 2008:

Nathan A. Saunders, II
3224 Wheeler Road, SE
Washington, DC 20032

George Parker
490 L'Enfant Plaza, SW Suite 7200
Washington, DC 20024

{Sign}   _____
Erich Martel, *pro se*
5436 39nd Street, NW
Washington, DC 20015
(202) 537-9733