UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| Nathan A. Saunders II,<br><br>    General Vice-President, Washington Teachers Union<br><br>    Plaintiff,<br><br>v.<br><br>George Parker,<br><br>    President, Washington Teachers Union, et al.,<br><br>    Defendants. | Civil Action No.<br>1:08-CV-00715 RMC<br><br>**RECEIVED**<br>JUN 2 - 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ANSWER OF DEFENDANT JOSEPH M. CARRILLO

Dr. Joseph M. Carrillo, Social Worker (Powell Elementary School), rank and file member of the Washington Teachers Union (WTU) from December 15, 2005 until present, and member of the WTU collective bargaining negotiating team from December 18, 2007 until present, answers General Vice-President Saunders civil complaint as follows:

    I.    <u>Introduction to Complaint</u>

Dr. Carrillo has no direct, personal knowledge of any of the events mentioned in the introduction to the plaintiff's complaint that pre-date his appointment as a Social Worker at Powell Elementary School and that pre-date his membership in WTU in 2004. Also, as a rank and file member of WTU, Dr. Carrillo had no involvement in the management and direction of WTU from December 15, 2004 until the date of this Answer notwithstanding Dr. Carrillo's participation on the WTU collective bargaining team. However, Dr. Carrillo denies any suggestion that he committed any improprieties of any kind in his capacity as a rank and file WTU member or as a member of the WTU collective bargaining team.

    II.    <u>Jurisdiction and Venue</u>

As an unrepresented *pro se* defendant, Dr. Carrillo does not possess the technical, legal credentials to determine if the jurisdiction of this Court has been properly invoked. However,

even as a lay person, Dr. Carrillo has strong doubts as to whether the Plaintiff has alleged sufficient legally cognizable injuries to invoke this Court's jurisdiction under the Constitution. Dr. Carrillo also has strong doubts as to whether the Plaintiff's alleged injuries may be heard by this Court under LMRDA, RICO, and DC law.

### III.    Parties

Dr. Carrillo is unable to verify the accuracy of accuracy of the titles and addresses of the named parties or the spelling of those names.

### IV.    Freedom of Speech and Assembly

Dr. Carrillo denies that any illegality that may be suggested in paragraph IV of the complaint. The "Carrillo letter" cited on p.13 of the complaint, and attached to the complaint as Ex. 4, simply recites and reproduces the official duties of the position of "General Vice-President," encumbered by the plaintiff, that are specifically set forth in the WTU Constitution and By-laws. Accordingly, Dr. Carrillo denies any illegality asserted by the plaintiff in citing or reproducing these provisions in the so-called "Carrillo letter." In addition, Dr. Carrillo questions the factual accuracy and lack of context of many of the statements set forth in this paragraph.

### V.    The Parker-Squire Speakerphone Conversation

Dr. Carrillo was not present during the alleged speakerphone conversation of March 24, 2008 and thus neither admits nor denies any of the factual allegations set forth in paragraph V of the complaint.

### VI.    Collusion with Management

Dr. Carrillo believes that the allegations this paragraph should be stricken in its entirety since the paragraph only contains speculative inferences which are supported only by speculative newspaper accounts. Also, to the extent that plaintiff makes any factual allegations, Dr. Carrillo neither admits nor denies the validity of these allegations since he was not present during any alleged conversations or meetings cited in this paragraph.

### Count I, "Breach of Fiduciary Duty" etc.

Dr. Carrillo neither admits nor denies the factual allegations in Count I since he was not even mentioned in this count.

### Count II, "Violation of Bill Rights" etc.

Dr. Carrillo neither admits nor denies the factual allegations in Count II since he was not even mentioned in this count.

### Count III, "Plaintiffs Right to Review Union Financial Records" etc.

Dr. Carrillo neither admits nor denies the allegations in Count III since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count III.

### Count IV, "Breach of Fiduciary Duty" under LMRDA against AFT

Dr. Carrillo neither admits nor denies the allegations in Count IV since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count IV.

### Count V, Negligence against AFT

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count V.

### Count VI, Breach of National Constitution Against AFT

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count VI.

### Count VII, Fraud by Defendants Parker and White

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count VII.

### Count VIII, Conversion by Defendants Parker and White

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count VIII.

### Count IX, Aiding and Abetting by Defendants Parker and White et al.

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count IX.

### Count X, Civil Conspiracy by Defendants Parker and White...Carrillo et al.

Dr. Carrillo denies any alleged illegality. In addition, Dr. Carrillo asserts that the plaintiff has failed to present any factual allegations that constitute any legally cognizable claim that may be heard by this Court.

### Count XI, RICO Violations

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count XI, including alleged embezzlement, money laundering, or engaging in "money transactions" in property derived from unlawful activities.

### Count XII, Civil RICO Conspiracy

Dr. Carrillo neither admits nor denies the allegations in Count V since he does not have any personal knowledge of and was not involved in any of the alleged transactions or incidents cited in count XII.

### DEFENSES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Dr. Carrillo respectfully requests that he be dismissed as a defendant in this action, since none of the factual allegations pled by the plaintiff have established any legally cognizable claim against him, and because Dr. Carrillo was not directly involved in or even mentioned in virtually all the alleged infractions cited by the plaintiff in his complaint.

THEREFORE, Dr. Carrillo requests that the plaintiff receive nothing from him, and that judgment be entered in his favor, including the costs of this action as well as any other interest, fees or expenses which he is entitled to receive for responding to this civil action.

Dated:      May 30, 2008

Joseph M. Carrillo, Ed.D., *pro se*
6816 32nd Street, NW
Washington, DC 20015
(202) 244-1709

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer by Defendant Joseph M. Carrillo was mailed to the following parties by first class mail on May 30, 2008:

Nathan A. Saunders, II
3224 Wheeler Road, SE
Washington, DC 20032

George Parker
490 L'Enfant Plaza, SW Suite 7200
Washington, DC 20024

{Sign}

Joseph M. Carrillo, Ed.D., *pro se*
6816 32nd Street, NW
Washington, DC 20015
(202) 244-1709