## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAUNDERS,                                    :
                                             :
                          Plaintiff,         :
                                             :    Civil Action No. 2008-00715
            v.                               :    Judge Rosemary M. Collyer
                                             :
PARKER, *et al.*,                            :
                                             :
                          Defendants.        :
                                             :
_____     :

## DEFENDANTS ADRIAN FENTY'S AND
## <u>MICHELLE'S RHEE'S MOTION TO DISMISS THE COMPLAINT</u>

Defendants Mayor Adrian Fenty and the District of Columbia Public Schools

("DCPS") Chancellor Michelle Rhee (the "District Defendants"), by and through

undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6),

respectfully move this Honorable Court to dismiss the complaint.

As grounds, the District Defendants state that the complaint is a patchwork of

conclusory allegations and is critically lacking in specific averments that could arguably

state a claim concerning the actions of these Defendants. A Memorandum of Supporting

Points and Authorities along with a proposed Order, is attached hereto.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Ellen Efros
ELLEN EFROS [#250746]
Chief, Equity I Section

/s/ Cary D. Pollak
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
cary.pollak@dc.gov

/s/ Grace Graham
GRACE GRAHAM [472878]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9784 (phone)
(202) 727-3625 (fax)
grace.graham@dc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2008, I electronically and via first-class mail, as

indicated below, served a copy of the foregoing Motion to Dismiss; Memorandum of

Points and Authorities in support thereof; and proposed order upon the following:

**Nathan Saunders** (Plaintiff)
322 4 Wheeler Road, SE
Washington, DC 20031
(202) 563-2363
(via First-class mail)

**Lee W. Jackson** (counsel for Parker, White, Smith, Tatum, Martel, Carrillo)
O'DONNELL, SCHWARTZ & ANDERSON
1300 L Street, NW
Suite 1200
Washington, DC 20005-1707
(202) 898-1707
Fax: (202) 682-9276
Email: ljackson@odsalaw.com
(via electronic filing)

**David John Strom** (counsel for Squires, McElroy, AFT)
AMERICAN FEDERATION OF TEACHERS, AFL-CIO
555 New Jersey Avenue, NW
Washington, DC 20001
(202) 393-7474
Fax: (202) 393-6385
Email: dstrom@aft.org
(via electronic filing)

**Daniel James McNeil** (counsel for Squires, McElroy, AFT)
AMERICAN FEDERATION OF TEACHERS
555 New Jersey Avenue, N.W.
Washington, DC 20001-2079
(202) 393-6305
Email: dmcneil@aft.org
(via electronic filing)

/s/ Grace Graham
Grace Graham
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SAUNDERS, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Civil Action No. 2008-00715 |
| v. | : | Judge Rosemary M. Collyer |
|  | : |  |
| PARKER, *et al.*, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS ADRIAN FENTY'S AND MICHELLE'S RHEE'S
MOTION TO DISMISS THE COMPLAINT**

Defendants Mayor Adrian Fenty and Chancellor Michelle Rhee (the "District

Defendants") move to dismiss Plaintiff's complaint and this memorandum of points and

authorities is provided in support of Defendants' motion.  The Court should grant the

requested relief because Plaintiff's claims are substantively meritless.

**FACTUAL BACKGROUND**

Plaintiff's lengthy and diffuse complaint makes clear that he has not always been

satisfied with the actions of the District Defendants.  Exactly what they have done wrong

to this Plaintiff, however, or how their activities translate into any cause of action, is

stated, at best, in vague and conclusory terms.[1]  The contentions that appear in the

---

[1] Plaintiff occasionally complains about actions taken toward others who are not parties to
this lawsuit, and Plaintiff makes no claim of having standing to represent them here.  For
example, Plaintiff alleges unspecified retaliation by the District Defendants against
unnamed members of DCPS and the Washington Teachers' Union (WTU or union), of
which Plaintiff is a member and serves as general vice-president.  Complaint at 3, 12.  He
also claims that Chancellor Rhee intimidated a DCPS employee because of her activities,
and along with WTU president, George Parker, colluded to meet with the employee
without adequate union representation.  *Id.* at 33-34.  Plaintiff also complains of a
decision by the Chancellor to allow a controversial school principal to stay on, although

complaint concerning the District Defendants fail to state a cognizable claim and are thus subject to dismissal.

The allegations of the complaint that do or may relate to the District Defendants are as follows.  The section of the complaint titled "Introduction" states that an elected official (perhaps the Plaintiff) was constructively removed from his position as general vice-president by "management" through Defendant Parker.  Complaint at 5-6.  This appears to be about the WTU, but it is alleged that all defendants, including members of DCPS, orchestrated "walls of obstruction."  *Id*. at 6.  It next notes, however, that Plaintiff "sues the Defendants including its president" concerning certain law violations, which again seems to indicate that any cause of action is being alleged against the union only. *Id*.

Section IV of the complaint has the heading "Freedom of Speech and Assembly." Plaintiff alleges that he opposed the District Defendants' "At-Will legislation" (the District of Columbia Public Education Personnel Reform Amendment Act of 2007) and spoke out against it.  *Id*. at 10, 12.  He states that "members in DCPS and the Washington Teachers' Union who spoke out against the At-Will legislation were retaliated against and intimidated by Defendants Parker and Rhee," *Id.* at 12, but he does not indicate if he was among them and he does not identify any retaliatory or intimidating acts against him.

Section V, titled "The Parker-Squire Speakerphone Conversation," like most of the complaint, alleges wrongdoing against Plaintiff by union officials.  The District Defendants are sometimes referenced as well, however.  For example, the union is

---

in context this (like most of the complaint) seems to be a criticism of Defendant Parker. *Id.* at 30-32.  Such complaints, to the extent they are intended to relate to a cause of action (which is not at all clear in the enumerated counts of the complaint), should be dismissed as to the District Defendants.

accused of dereliction of duty given "the extensive changes that Mayor Fenty and Defendant Rhee are instituting." *Id.* at 23.  In the speakerphone conversation, Defendant Parker said that a "contact" of his (presumably not one of the District Defendants) was "accessing" (*i.e.*, tampering with) Plaintiff's personnel files.  *Id.* at 25.  Parker allegedly also said that "they" (which Plaintiff *does* interpret to mean the District Defendants) would not let Plaintiff resume his regular employment at DCPS "at the end of this elected term."  *Id.*

According to Plaintiff, Parker also said that "he could keep Plaintiff's leave of absence unsigned," which supposedly would prevent him from being "a WTU candidate in the future."  *Id.*  Unnamed "insiders at DCPS" are assisting Mr. Parker in this effort.  *Id.* at 28.  The leave request remains unsigned despite unidentified "exhaustive efforts through the Chancellor's office to get it signed."  *Id.* at 27.  Equally unidentified is the way in which this situation has impacted Plaintiff's "employment and retirement contributions."  *Id.*

The discussion of the leave of absence appears to be related to the handling of the status of DCPS employees who, like Plaintiff, are union officers who work for the union instead of DCPS, while still being allowed to maintain positions within DCPS.  Plaintiff complains that Defendant Parker has benefited from this system, which "requires personnel records including sick and general leave to be maintained as if a party is present for duty as a teacher in DCPS when in actuality the employee is not."  *Id.* at 29.  How this situation disadvantages the Plaintiff is not explained.

The references to Defendants Fenty and Rhee in Plaintiff's complaint most often appear in the context of Plaintiff's accusations against Defendant Parker and other union

3

defendants.  It is demonstrated below that regardless of context, the claims against the

District Defendants are subject to dismissal.

## ARGUMENT

### I.    Standard Of Review.

A motion to dismiss pursuant to FED.R.CIV.P 12(b)(6) should be granted where

the complaint fails to contain "a short and plain statement of the claim showing that the

pleader is entitled to relief, … in order to 'give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v Twombly,* 127 S. Ct.

1955, 1964 (2007) (internal citations omitted).  Although "detailed factual allegations"

are not necessary to withstand a Rule 12 (b) (6) motion to dismiss, to provide the

"grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id*. at 1964-

65; F.R.C.P 12(b)(6).  While pro se complaints are given a "liberal reading," *Haines v.

Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), "factual allegations

[in the complaint] must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact.)"

*Bell Atlantic,* 127 S. Ct. at 1965 (internal citations omitted).  The complaint must give

notice of the "general nature of the case and circumstances or events upon which it is

based, so the parties can prepared and the court can dispose of the case properly."

*Aktieselskabet AF 21 v. Fame Jeans, Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008).

While a Court must construe a complaint in a plaintiff's favor, it "need not accept

inferences drawn by Plaintiff [ ] if such inferences are unsupported by the facts set out in

the complaint."  *Kowal v. MCI Comm'ns Corp.,* 16 F. 3d 1271, 1276 (D.C. Cir. 1994).

The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997).

## II.    Plaintiff's Aiding And Abetting Claim, Count IX, Must Be Dismissed Under FED.R.CIV.P 12(b)(6).

Count IX, entitled "Aiding and Abetting against Defendants Parker, Rhee, Jane Doe and John Doe," alleges that Defendants Parker and Rhee assisted each other in an unlawful scheme to breach the fiduciary duties owed to the WTU and the citizens of the District of Columbia by "corrupting government records including but not limited to personnel files." Complaint at 41. It is not clear by the language of this count if Plaintiff is attempting to state a cause of action for himself or the citizenry at large. There are, however, factual allegations earlier in the complaint that Plaintiff's own personnel files have been disturbed, although by whom and in what way are not made clear.

To begin with, a party may be liable under the theory of aiding and abetting "for harm resulting from the tortious conduct of another" if (s)he "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." *Halberstam v. Welch*, 227 U.S. App. D.C. 167, *705 F.2d* 472, 477 (1983), citing *Restatement (Second) of Torts*, § 876 (1979). The elements are that (1) the party whom the Defendant aids must perform a wrongful act that causes an injury; (2) the Defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the Defendant must knowingly and substantially assist the principal violation." *Id*.

As discussed above and further explained below, the allegations against Defendant Rhee do not rise to the level of alleging a tort against her regarding the handling of personnel files or any other area of conduct.  It cannot be concluded from these allegations that she knew that Mr. Parker's "conduct constitute(ed) a breach of duty" or that she gave "substantial assistance or encouragement" to him regarding any such tortious activity.  Accordingly, the complaint fails to establish the aforesaid second and third elements of aiding and abetting.

Regarding Plaintiff's factual allegations, as noted above, Plaintiff states he overheard Defendant Parker say that an unnamed "contact" of his was "accessing" (*i.e.,* tampering with) Plaintiff's personnel files.  Complaint at 25.  There is no claim that Chancellor Rhee was personally doing the tampering.  In addition, Plaintiff makes no claim that the Chancellor of DCPS is prohibited from having access to the personnel files of the employees under her charge.  Finally, the manner in which Plaintiff's files were mishandled is not explained in the factual recitations of the complaint or in the language of Count IX.

Plaintiff also overheard Mr. Parker say that "they" (which Plaintiff believes included Chancellor Rhee) would not let Plaintiff resume his regular employment at DCPS "at the end of this elected term."  Complaint at 25.  If this is meant to be part of the cause of action Plaintiff wishes to raise in Count IX, the hearsay and opinion on which it is based call into question whether Plaintiff is pleading in good faith.  Assuming he is, it is still no more than speculation about a possible future event and thus provides further reason to dismiss Count IX.

Another of Plaintiff's factual assertions that might be related to Count IX is that Parker said "he could keep Plaintiff's leave of absence unsigned," and that unnamed "insiders at DCPS" are assisting Defendant Parker in this effort.  Complaint at 25, 28. This supposedly would prevent Plaintiff from being "a WTU candidate in the future," and in some unidentified way, impacts on Plaintiff's "employment and retirement contributions."  *Id*. at 25, 27.  The leave request remains unsigned despite "exhaustive efforts through the Chancellor's office to get it signed."  *Id*. at 27.

Although Chancellor Rhee is named in Count IX, there is no claim that she is one of the "insiders at DCPS" assisting Parker in keeping the leave request unsigned, and it also does not appear that she was directly (let alone improperly) involved in the efforts "through the Chancellor's office" to get it signed.  Further, in support of Plaintiff's claim of harm to his employment and retirement contributions, Plaintiff refers to his Exhibit 23, which is an e-mail exchange between him and Michael Levy, who was then an attorney in the DCPS Office of General Counsel.

Chancellor Rhee is never mentioned in this exchange.  Possible detriment to Plaintiff's employment and retirement contributions is also never mentioned.  The "subject" of the emails is "Leave of Absence MOU issues" regarding the pay status of certain employees.  Mr. Levy advises that DCPS "will keep the captioned individuals in pay status until we are able to work through the details of this matter."  Plaintiff replies that "this issue is applicable" to another employee and himself, and that they are "impacted although we current [*sic*] have a leave of absence through a different method." Pl. Ex. 23.  Here Plaintiff actually admits that he has been granted a leave of absence of

7

some kind, and never makes a claim that the situation under discussion amounts to a violation of his rights.

Even a generous reading of Count IX and the factual allegations that do or might relate to it reveal that Plaintiff has failed to state a proper cause of action. This count accordingly must be dismissed.

### III.   Plaintiff's RICO Claim, Count XI, Must Be Dismissed Under FED.R.CIV.P 12(b)(6) Because It Fails To Allege The Elements Of RICO.[2]

The allegations of the complaint, which focus on some sort of supposedly improper relationship between officials at the WTU and the District, fail to state a RICO claim. Plaintiff in fact fails to allege nearly every element of RICO. In Count XI, Plaintiff alleges violations of 18 U.S.C. § 1964(c), which provides that any person "injured in his business or property by reason of a violation of section 1962 … may sue." To establish a violation of 18 U.S.C. § 1962(c), the apparent basis of Plaintiff's claim, a plaintiff must allege that (1) a person or persons (2) associated with an enterprise (3) conducted the affairs of that enterprise (4) through a pattern (5) of racketeering activity. *Bates. v. Northwestern Human Services, Inc*., 466 F. Supp. 2d 69, 78 (D.D.C. 2006). Plaintiff bases his claim on three predicate offenses: embezzling union funds by an officer or employee of a union, 29 U.S.C. 501(c);[3] money laundering, 18 U.S.C. § 1956;

---

[2] Defendants Fenty and Rhee assume for the purposes of this response that Count XI is intended to be directed toward them. Plaintiff indicates in his complaint that some defendants are sued personally. There is no such designation for Fenty and Rhee. It is not entirely clear from the complaint whether allegations against "all individual defendants" is intended to include only those that are sued "personally" or every individual named in the complaint.

[3] The predicate offense of embezzling union funds by an officer or employee of a union, 29 U.S.C. 501(c), is alleged only as to Defendants Parker and White and will not be addressed substantively in this memorandum.

and engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. § 1957.

### 1. Plaintiff fails to allege any facts sufficient to sustain a RICO violation.

It is readily apparent from the face of the complaint that Plaintiff has simply copied words from statutes, often in no discernable order, in order to file this lawsuit against the District Defendants. He states summarily again and again in one way or another, that "all of the individual defendants conducted or participated directly or indirectly in the conduct of the Enterprise's affairs through a pattern of racketeering activity." *See, e.g.*, Complaint at 43. But "legal conclusion[s] couched as … factual allegation[s]" are not sufficient to state a claim. *See Bates*, 466 F. Supp. 2d at 88, quoting *Trudeau v. FTC*, 372 U.S. App. D.C. 335 (D.C. Cir. 2006).

To sustain a RICO claim, a plaintiff must allege and prove the existence of two different entities: 1) a 'person'; and 2) an 'enterprise' that is not simply the same 'person' referred to by a different name. *Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Plaintiff has not done so. Rather, with the exception of George Parker and Clay White, the only two defendants identified in the Count XI, Plaintiff sweepingly implicates "all individual defendants" without differentiating any individual defendant's role, in the RICO claim. Complaint at 42-45. He does not explicitly identify an "enterprise" distinct from any alleged "persons." And he fails entirely to identify how the District Defendants Rhee and Fenty participated in any such alleged enterprise. Where, as here, Plaintiff's complaint is devoid of any facts with respect to his RICO claims generally or to Defendants Fenty and Rhee specifically, the complaint must be dismissed. *See Bates*, 466 F. Supp. 2d at 85 (complaint dismissed where plaintiffs had

neglected to distinguish between the defendants when describing the factual underpinning of the complaint, and specifically, their RICO claims"); *see also Scheck v. General Electric Corp.*, 1992 U.S. Dist. LEXIS 134, at *10 (D.D.C. Jan. 7, 1992) ("Plaintiffs in a RICO claim must plead specific facts, not merely conclusory allegations, which establish the enterprise"), quoting *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988).

An example of how little Plaintiff has to say about the District Defendants occurs when he alleges the predicate offense of money laundering. Plaintiff refers only to Defendants Parker and White in the caption, but to all of the "individual defendants" in the body. Complaint at 44-45. The reference to Defendants Fenty and Rhee, if any, is that "all individual defendants entered into multiple financial transactions … knowing that the property involved in the financial transactions – WTU funds – represented the proceeds of some form of unlawful activity…" *Id.* at 44. The transactions he is referring to are unidentified. The unlawful activity and how it involved WTU-funds is unknown. And how Defendants Fenty and Rhee participated in such transactions involving WTU funds is a mystery. Plaintiff's allegations involving engaging in monetary transactions are even more bereft of any facts. He simply states that "the WTU has been significantly harmed by the Individual Defendants' Enterprise and pattern of racketeering activity in furtherance of it." *Id.* at 45. These kinds of "thoroughly unilluminating" descriptions couched in such an "all-encompassing manner" fail to demonstrate that Defendants Fenty or Rhee were involved in the underlying predicate offenses, much less that they were liable for participation in the conduct of the alleged enterprise's affairs. *See Bates*, 466 F. Supp. at 85; *see also White v. Fosco*, 599 F. Supp. 710, 715 (D.D.C. 1984) (RICO complaint dismissed where plaintiff could not allege facts sufficient to state a claim for

the predicate offenses). To put it simply, "[s]weeping and generalized allegations," such as these here, "cannot adequately notify a defendant of the 'grounds on which [the plaintiff's] claim rests.'" *See Elemary v. Holzmann A.G.*, 533 F. Supp. 2d 116, 141 (D.D.C. 2008).

> **2.    Plaintiff fails to allege that he has been injured or that the injury was caused by any actions taken by Defendants Fenty and Rhee.**

Plaintiff has not established an injury or that the District Defendants proximately caused an injury. To state a claim under RICO, a private plaintiff must establish standing by pleading injury to his business or property proximately caused by the RICO violation. *Id.* at 140. Plaintiff asserts, without explanation, that he, the WTU, and members of the WTU have suffered serious financial injury to property and business as a result of Defendants' participation in the association-in-fact enterprise. Complaint at 43. Plaintiff further explains that teachers are "dependent on a solvent and productive WTU to engage in representation on their behalf" and that "WTU is not capable of adequately representing Plaintiff" or the membership. *Id.* Even if Plaintiff could assert any claims on behalf of WTU or its members, Plaintiff has failed to establish any injury, must less a direct one.[4] He has failed to demonstrate that WTU is not solvent or productive as he claims. And the only personal financial "loss" referred to in the complaint arguably as a result of any alleged action of Defendant Rhee is that his employment and retirement

---

[4] Plaintiff claims standing to sue the District Defendants pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), presumably 29 U.S.C. §501(b), which provides that a member of the labor organization may sue an officer, agent, shop steward, or representative if the labor organization or its governing board or officers refuse to take action to correct a violation of certain duties. However, the District Defendants do not hold any position in the WTU, nor do they represent the union. Plaintiff has no standing to sue the District Defendants on behalf of the WTU. *See also* Memorandum at 1, n.1.

contributions have somehow been "impacted."  Complaint at 27 (implying that the unidentified "impact" is a result of his leave of absence request remaining unsigned despite "exhaustive efforts through the Chancellor's office to get it signed").[5]  There is no indication of how this "impact" equates to any loss to his property or business.

Even if such "injury" is sufficient, however, there must be a direct relationship between the injury and the injurious conduct alleged.  *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006).  A plaintiff must show that the injury is "*by reason of* the predicate acts which [*sic*] were directed at him."  *Scheck*, 1992 U.S. LEXIS, at *5-6 (italics added), quoting *Burdick v. American Express*, 865 F.2d 527, 529 (2d Cir. 1990).  Plaintiff has not alleged how money laundering or engaging in monetary transactions in property derived from unlawful activity – the predicate offenses, *see* Complaint at 44-45, have anything to do with his employment and retirement contributions.  *See Anza*, 547 U.S. at 457 (the compensable injury is harm *caused by predicate acts* sufficiently related to constitute a pattern) (emphasis added), quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985).

Instead of identifying a specific financial loss, Plaintiff uses a large portion of his 47-page complaint describing personal animosities among union officers and vitriolic disagreements regarding union strategy towards the policies of Defendants Fenty and Rhee.  But a RICO claim cannot be sustained where the allegations amount to "nothing more than a work-related dispute."  *Scheck*, 1992 U.S. LEXIS, at *1.  While Plaintiff may be, and apparently is, personally offended by the working relationship between the union and officials at DCPS, there is no simply "discernable link" between the supposedly

---

[5] There is no specific allegation in the Complaint that Defendant Fenty had anything to do with Plaintiff's employment and retirement.

insolvent or unproductive WTU or Plaintiff's "impacted" employment and retirement, and any actions taken by Defendants Fenty or Rhee in *any* alleged Enterprise. *Elemary*, 533 F. Supp. 2d at 141 (dismissing RICO allegations where plaintiff dwells repeatedly on personal animosity but offers no link between that conduct and defendant's role in any enterprise). Where there is no injury and no proximate cause, the complaint should be dismissed.

> **3.    Plaintiff fails to allege that Defendants Fenty and Rhee "conduct" the affairs of the alleged enterprise.**

In order to be liable under § 1964(c), a defendant must participate in the operation or management of the enterprise itself. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). In his RICO complaint Plaintiff mentions only Defendants Parker and White by name and identifies few specific actions taken by them individually. Complaint at 42-45. Defendants Fenty and Rhee are not mentioned except to the extent that they are included in "individual defendants." *Id.* Plaintiff also specifically identifies Parker and White as the "organizational heads of the Enterprise." *Id.* at 43. Where a plaintiff fails to allege that a defendant had "some part in *directing* the enterprise's affairs," a RICO claim cannot be sustained. *Reves*, 507 U.S. at 185 (emphasis added).

> **4.    Plaintiff fails to allege a pattern of racketeering activity.**

To establish a pattern of racketeering activity, a plaintiff must allege at least two predicate offenses, that the racketeering predicates are related, and they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). Plaintiff has not identified any predicate acts relevant to Defendants Fenty and Rhee to allow one to assess any supposed "pattern," *see* Memorandum at 10-11 (discussing failure to allege any factual basis for money

laundering or engaging in monetary transactions), or whether they are related.  *See H.J. Inc.*, 492 U.S. at 240 (conduct forms a pattern if it "embraces criminal acts that have the same or similar purposes, results, participants, victims, or method of commissions, or otherwise are interrelated by distinguishing characteristics and are not isolated events" ). And the general allegations in the complaint, *e.g.,* failing to sign a leave of absence form, are simply not proper predicate acts to assert a RICO violation.  *See Schenk*, 1992 U.S. Dist. LEXIS, at *11 (complaint dismissed for failure to allege predicate acts necessary for a RICO claim).

Plaintiff must also demonstrate that the predicate acts constitute a pattern by alleging that the criminal activity will continue, *i.e.*, that the conduct is either a series of "related predicates extending over a substantial period of time" (closed-ended continuity) or "past conduct that by its nature projects into the future with a threat of repetition" (open-ended continuity).  *H.J. Inc.*, 492 U.S. at 240.  Plaintiff cannot make either showing.  The only predicate act that Plaintiff asserts took place over a specific period of time is money laundering.  Complaint at 44 (alleging that acts took place "[b]etween 2005 and 2008").  However, he fails to identify any specific transactions that allegedly occurred during this time period, when they occurred, or who was involved and how. Nor can Plaintiff demonstrate that there was a "threat of repetition."  Defendants Fenty and Rhee supposedly entered into the fray with the introduction of the At-Will legislation in 2007 (after the date, apparently, of some of the "transactions" noted between 2005 and 2008), which has long since garnered legislative approval.  And Plaintiff does not demonstrate that any predicate acts will extend "indefinitely into the future" or that they are part of "an ongoing entity's [Defendants Fenty's or Rhee's] regular way of doing

business." *H.J. Inc.,* 492 U.S. at 242. In these circumstances, even with a liberal reading, the Plaintiff cannot demonstrate a pattern of racketeering activity, and the complaint should be dismissed.

**IV.    Plaintiff's Conspiracy Claim, Count XII, Must Be Dismissed Under FED.R.CIV.P 12(b)(6) Because It Is Conclusory and Fails To Give Fair Notice Of The Claim.**

Plaintiff's Count XII is even less comprehensible than Count XI. First, Plaintiff refers to acts as alleged in Court XIV (Count 14), which is not included in the complaint. Second, Plaintiff alleges only that each of the individual defendants agreed to the commission of at least two predicate acts in furtherance of the conspiracy. Complaint at 45. Again, assuming that he intended to include Defendants Fenty and Rhee in this allegation, Plaintiff must indicate who conspired, at what time, to do what. *Aktieselskabet,* 525 F.3d at 15, citing *Bell Atlantic,* 127 S. Ct. at 1970 n.10; *see also Carter v. MGA, Inc.,* 189 Fed. Appx. 893, 895 (11th Cir. 2006) (complaint dismissed where plaintiffs alleged no facts to show or to create a reasonable inference that defendants made an agreement to violate a substantive RICO provision); *Linne v. Rideoutte,* 1191 U.S. Dist. LEXIS 13022, at *9 (D.D.C. Sept. 6, 1991) (conspiracy claims must be "amplified by specific instances of misconduct"). Where allegations fail to detail the factual basis necessary to enable defendants to intelligently prepare their defense, they should be dismissed. *Linne,* 1191 U.S. Dist. LEXIS, at *9. And finally , the only injury even theoretically connected to Defendants Fenty and Rhee, *i.e.,* the failure to sign the leave of absence form causing some kind of "impact" on Plaintiff's employment and benefits, is not caused by the predicate offenses claimed by Plaintiff. "A person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for

injuries caused by an overt act that is *not* an act of racketeering." *Beck v. Prupis*, 529 U.S. 494, 507 (2000) (emphasis added).

**V.  Defendants Fenty and Rhee Are Protected By Qualified Immunity.**

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court established an objective test for qualified immunity under which "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 815-816. The purpose and requirements of the qualified immunity analysis have been explained by the District of Columbia Circuit Court of Appeals as follows:

> In developing the doctrine of qualified immunity, the Supreme Court has sought to strike a balance "between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties." *Anderson v. Creighton*, 483 U.S. 635, 639, 97 L.Ed.2d 523, 107 S. Ct 3034 (1987) (quotation omitted). Recognizing that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery," *Harlow*, 457 U.S. at 817-18, the Court balanced those competing interests by establishing a higher threshold for holding public officials personally liable for constitutional violations. For a public official to be liable for damages, that official must have violated a constitutional right, *and* that right must have been "clearly established" -- "the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right." *Anderson*, 483 U.S. at 640; *see id*. at 638 ("qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law' ") (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 89 L.Ed.2d 271, 106 S. Ct. 1092 (1986).

*International Action Center v. United States*, 361 U.S. App. D.C . 108, 365 F.3d 20, 24 (2004) (emphasis on the word "and" in the original).

As referenced  above, it is not clear from the caption or body of Plaintiff's complaint whether the District Defendants are being sued solely in their official capacities or in their individual capacities as well.  In section III of the complaint

("Parties"), Plaintiff indicates which defendants are being sued "personally."  Defendants Fenty and Rhee are not among them.  It is not certain that this ends the inquiry, however because, for example, Defendant Parker whose alleged wrongdoings take up most of the complaint, is not sued "personally" while lesser actors (Squires, White and Smith) are. To the extent that Plaintiff intends to sue the District Defendants in their individual capacities, such claims are subject to dismissal under the doctrine of qualified immunity because Plaintiff fails to plead with sufficient particularity.

Plaintiff does claim violation of federal statutory provisions (*e.g.*, RICO), but as shown above, he does not explain exactly what improper actions have been committed by Defendants Fenty and Rhee.  Such vague allegations fail to put these Defendants on notice of what they must defend against, and even more so fail to describe a "clearly established" right that these Defendants should have known not to violate.  Accordingly, the complaint against them must be dismissed insofar as it seeks to sue them in their individual capacities.

## VI.    Conclusion

As Plaintiff indicated in his complaint, he previously successfully sued certain individuals and entities in an effort to prevent the continued misappropriation of union dues.  Complaint at 4-5.  But lawsuits are not "one size fits all."  Suing a party requires that Plaintiff allege acts specific to the defendants named here and sufficient to state a claim against *them*.  Even with a liberal reading, this complaint fails to state a claim upon which relief may be granted.  All claims against Defendants Mayor Adrian Fenty and Chancellor Michelle Rhee should be dismissed.

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/
ELLEN EFROS [#250746]
Chief, Equity Section I

/s/ Cary D. Pollak
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
cary.pollak@dc.gov

/s/ Grace Graham
GRACE GRAHAM [#472878]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9784 (phone)
(202) 727-3625 (fax)
grace.graham@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAUNDERS, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2008-00715 |
| v. | : Judge Rosemary M. Collyer |
| | : |
| PARKER, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## <u>ORDER</u>

Upon consideration of Defendants Adrian Fenty's and Michelle Rhee's Motion To Dismiss, the Memorandum of Points and Authorities in Support thereof and in opposition thereto, the entire record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the District Defendants' Motion To Dismiss hereby is, GRANTED, and it is

FURTHER ORDERED, that the complaint is hereby DISMISSED with prejudice as to Defendants Fenty and Rhee.

SO ORDERED.

DATE: _____

_____
Judge Rosemary M. Collyer